*418 OPINION of the Court, by
Ch. J. Boyee.
This was an acimn of covenant upon articles of agreement peered into by the plaint.if of the one part, Sandford Mitcheil of another part, and the defendant of the third part, whereby they agreed to establish in partnership a ,voot-c;irding factory. The articles of agreement, amongst various other stipulations, contain the lbllow-ing : •• that the plaintiff, at the joint expense of said three partners, for Ins part agreed and bound himself to fjrn¿s¡, two wool-carding machines of the same quality of those in the count} of t leming ami town oí Ficniings-burgh, by the first day of April then next ensuing, if cal'^s rnu'tl had — It was also to be understood that the machine wheels, di nn heads, horses, &c. were to be paid for by the parties as soon as the machines started p, W01.p am] carded ten pounds of wool rolls ; and that the machines were to be t\yo feet and a half in length of *419 cards,and at the price of one thousand dollars: the whole at the joint expense of the parties.”
The plaintiff in his declaration avers that he did furnish two wool-carding machines of the same quality of those in the county of Fleming and town of Flemings-hurgh, two feet and a half in length of cards (except the cards which could not then he had) by the first day of April next ensuing the date of said articles of agreement ; and that so soon as cards could be had, to wit, on the last day of May next succeeding the date aforesaid, he did furnish two wool-carding machines, complete, of the same quality of those in Fleiningsburgh, of two feet and a half in lenghth of cards. And he further avers that on the first of June next succeeding the date of said article of agreement, the said machines started to work, and carded ten pounds of wool, whereby the defendant became bound to pay to him the sum of three haSdred and thirty-three dollars and a third, being the one equal third of the price of said machines. The plaintiff then concludes, after averring a performance of every thing stipulated to be done on his part, by assigning a breach of the covenant on the part of the defendant, in his failing and refusing to pay the said sum of three hundred and thirty-three dollars and a third.
The defendant demurred to the declaration, and judgment being given against him on the demurrer, he has appealed to tais court.
1st. It is objected on the part of the appellant in the first place, that there was no covenant or agreement to pay for the? machines. This objection is certainly without foundation. The instrument upon which the action is brought is styled by the parties themselves an agreement, and consequently every stipulation contained in it composes a part of their agreement. The stipulation, therefore, that it is understood that the “ machines, &c. were to he paid for by tiie parties,” is a covenant not merely by implication or construction, but by express words.
2d. Another objection taken on the part of the appellant, is that the averment “ that the cards coula not be had by the first day of April,” is insufficient to entitle the plaintiff to recover the price of the machines. This objection is predicated upon the supposition that the furnishing the machines by the first of April was a condition precedent upon which the plaintiff should be enti- *420 tied to receive the price ‘, but that supposition is evidvntty 1,wt anted by the terms of the contract: for the payment of the price is not made to depend upon furnishing the machines by the first of April, but upon the tune when they should , start to work, and card ten pounds of wool. The objection, therefore, being founded upon a misapprehension of the true import of the contract, cannot be sustained.
3d. The third and last objection taken on the part of the appellant which we shall notice, is that the action should have been brought jointly against the, appellant and the other partner, because, as it is alleged, the covenant is a joint one.
In terms it is so ; but it is plain, as well from the nature of the instrument as from its whole tenor and import, that the obligation to pay was several, and that neither of the partners intended to bind himself for iiis co-partners, in such a case the action ought to he several : for it is well settled that although a man may covenant with two or more jointly, yet if the interest and cause of action be several, the covenant shall be taken to be several, though the words of the covenant be joint, — 1 Saui-sd. 154, note 1.
j udgrnent affirmed with costs and damages.